UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAMARIS HERNANDEZ

                        Plaintiff,

     v.

CITY OF NEW YORK,
POLICE OFFICER JOHN DOE #1, and
POLICE OFFICER JOHN DOE #2,

                        Defendants.
------------------------------------------------------------X

Index No.: 25-cv-3985

**COMPLAINT**

Plaintiff Demands Trial by Jury

Plaintiff DAMARIS HERNANDEZ, by and through her attorney, Alexis Padilla, complaining of the defendants, CITY OF NEW YORK, POLICE OFFICER JOHN DOE #1, and POLICE OFFICER JOHN DOE #2 upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of her rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

3.      Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim involve a party which maintains its place of business within the Southern District of New York.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## PARTIES

5.      Plaintiff DAMARIS HERNANDEZ is of full age and a resident of the State of New York.

6.      Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7.      Defendant POLICE OFFICER JOHN DOE #1 was at all times relevant herein a duly appointed and acting officer, servant, employee and agen of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendants POLICE OFFICER JOHN DOE #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the

power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. He is sued individually and in his official capacity.

8. Defendant POLICE OFFICER JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendants POLICE OFFICER JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

9. On or about January 24, 2024, plaintiff DAMARIS HERNANDEZ was lawfully present in the basement of 10-11 Reads Lane, in Far Rockaway, Queens.

10. Plaintiff was present at that location in her capacity as a cleaning person hired by the homeowner to work in the home.

11. On the day in question, the homeowner's daughter was apparently unaware that plaintiff would be working in the home that day and mistook plaintiff's presence in the basement for that of an intruder.

12. The homeowner's daughter called the police and reported that there was a burglary in progress.

13. Shortly thereafter, defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2 arrived at the home and confronted plaintiff in the basement, where she was folding laundry.

14. The defendant officers immediately resorted to force, grabbing plaintiff and slamming her face first into the wall, causing a large contusion to her forehead, and striking her about the body several times.

15. Plaintiff was arrested and brought to the 101 Precinct, where it was eventually determined that she was an employee of the household and not an intruder.

16. An ambulance was called to the precinct to transport plaintiff to St. John's Episcopal Hospital, where she was treated for her injuries.

17. At no point during the events described herein did plaintiff commit any act for which force would be a reasonable response.

18. At no point during the events described herein did defendants have any reason to believe that the force deployed was reasonable.

19. As a result of the illegal and unjustified use of force described herein, plaintiff did suffer injury, including but not limited to a large contusion to her forehead and bruising about her body.

## AS FOR A FIRST CAUSE OF ACTION

*Excessive Force as against All Defendants in Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.*

20. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

21. At all times during the events described above defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2 lacked probable cause to use force against plaintiff.

22. All of the aforementioned acts of defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2 were carried out under the color of state law.

23. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

24. The acts and omissions complained of were carried out by defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

25. The acts complained of resulted in pain and injury to plaintiff.

26. The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION

*Municipal Liability as against Defendant City of New York in violation of 42 U.S.C. § 1983*

27. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

28. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

29. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that

allowed for a police officer to engage in the excessive use of force in flagrant violation of their sworn oath to uphold the Constitution.

30. At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force as described in this Complaint.

31. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:  May 13, 2025
        Brooklyn, NY

                                    By:     /s/Alexis G. Padilla
                                            Alexis G. Padilla, Esq. [AP7400]
                                            *Attorney for Plaintiff*
                                            378 Lewis Ave. #6
                                            Brooklyn, NY 11233
                                            (917) 238-2993
                                            alexpadilla722@gmail.com